IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE VULCANO HALL, | : |
|     PLAINTIFF | : |
| | : No. 10-CV-7603 |
| VS. | : |
| | : |
| EASTON AREA SCHOOL DISTRICT, | : |
| SUSAN McGINLEY, AND JOHN | : |
| CASTROVINCI, | : |
|     DEFENDANTS. | : |

FIRST AMENDED COMPLAINT

**NATURE OF PROCEEDING**

This is an action seeking redress under the Americans with Disabilities Act for illegal disability discrimination and retaliation, or both, and for deprivation of rights protected by the U.S. Constitution under 42 U.S.C. §1983 brought by Michele Vulcano Hall, known at the time of these events as Michelle Vulcano, against her former employer, Easton Area School District, and Susan McGinley and John Castrovinci, in their individual and official capacities.  Plaintiff Vulcano Hall also states pendent state

claims under comparable law of the Commonwealth of Pennsylvania, as well as brings claims under state law for breach of contract and tortious interference with contract. Plaintiff seeks legal and equitable relief.

**JURISDICTION AND VENUE**

1. This action is authorized by and brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, as amended by the Americans with Disabilities Amendments Act of 2008 (ADAAA), the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.* and 42 U.S.C. §1983. The jurisdiction of this court is conferred by 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. §§ 1331, 1337, 1343(3), 2201 and 2202. Venue is established by 28 U.S.C. §1391. The Plaintiff also brings pendent state claims under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*, and the common law of the Commonwealth of Pennsylvania and invokes the jurisdiction of this court pursuant to Rule 18(a) of the Federal Rules of Civil Procedure to hear and adjudicate such state claims as a plaintiff may have against the opposing party.

**BACKGROUND**

2. The acts complained of herein took place in the Eastern District of Pennsylvania.

3. Plaintiff exhausted her administrative remedies with the Equal Employment Opportunity Commission at Charge No. 530-2009-03949, filed August 29, 2009, and cross filed with the Pennsylvania Human Relations Commission at , as evidenced by the right to sue letter issued by the U.S. Department of Justice, Civil Rights Division on October 28, 2010, a copy of which is attached hereto and incorporated by reference as Exhibit A.

**PARTIES**

4. Plaintiff Michele Vulcano Hall is an adult individual residing in Northampton County, Pennsylvania.

5. Defendant EASTON AREA SCHOOL DISTRICT is a school district with a business address of 1801 Bushkill Drive, Easton, Northampton County, Pennsylvania.  At all times relevant, Defendant EASD was an employer as defined by the Americans with Disabilities Act, 42 U.S.C. §12102.

6. Defendant Susan McGinley was, at all times relevant to the claims herein, the Superintendent of the EASD.  Her business address is 1801 Bushkill Drive, Easton, Northampton County, Pennsylvania.  Defendant McGinley is named in her individual and official capacities.

7. Defendant John Castrovinci was, at all times relevant to the claims herein, the Director of Human Resources of the EASD. His business address is 1801 Bushkill Drive, Easton, Northampton County, Pennsylvania.  Defendant Castrovinci is named in his individual and official capacities.

8. Plaintiff worked for Defendants at Easton Area High School commencing in August of 2008, pursuant to a condensed practicum program through her college that combined her internship and student teaching requirements if she worked for one full year.

9. At the time of her hiring, Plaintiff Michele Vulcano Hall was given a three year contract for a permanent position.  She was not an at-will employee.

10. At the time of her hiring, Plaintiff Michele Vulcano Hall was told by the hiring officials, including Defendant John Castrovinci, that she had two to three years to secure her certification.

**CLAIMS**

COUNT I- ADA - Discrimination

vs. Defendant EASD

11. Paragraphs 1 through 10 are incorporated herein as if fully set forth below.

12. Plaintiff Michele Vulcano Hall meets the definition of qualified person with a disability as set forth in the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., due to her lifelong specific learning disabilities. At all times, she was and remains able to perform the essential functions of her job.

13. Defendants were aware of Plaintiff Vulcano Hall's disability as Plaintiff disclosed it to Defendants in the course of her hiring in or about August of 2008; furthermore, her condition was a subject of discussion in her performance evaluations during the 2008-09 school year.

14. At all times, Plaintiff Vulcano Hall performed her job duties well, and received excellent performance evaluations.

15. In or about late April, 2009, a few weeks before the end of the 2008-09 academic year, Plaintiff was told by Defendant Castrovinci that if she did not have her certification by the end of the academic year, she faced losing her position.

16. Because of her learning disability, Plaintiff takes longer than most people to complete testing and educational requirements.

17. Shorty after learning of the new requirement that she be certified by June 2009, Plaintiff Vulcano Hall requested reasonable accommodations under the Americans with Disabilities Act in writing so as to allow her to secure her certification, in light of the limitations imposed on her by her disability.  She repeated this request several times throughout the late Spring and Summer of 2009.

18. Defendant EASD violated the Americans with Disabilities Act by, *inter alia*, 1) failing and refusing to respond to Plaintiff's repeated requests for reasonable accommodations under the law; 2) refusing to engage in the interactive process required by the Americans with Disabilities Act; 3) refusing to consider Plaintiff in the hiring process for the position from which she was terminated; 4) refusing to communicate with Plaintiff in good faith, and 5) terminating the employment of Plaintiff on account of her disability.

19. The actions of the Defendant EASD as described in the paragraph above and in those below, violate the Americans with Disabilities Act, as amended.

20. As a result of the Defendant EASD's discrimination, Plaintiff Michele Vulcano Hall has suffered damages including but not limited to lost income and benefits, additional educational expenses, and emotional distress.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Honorable Court:

a) adjudge and decree that Defendant EASD has violated the Americans with Disabilities Act, as amended;

b) grant Plaintiff a permanent injunction prohibiting Defendant EASD from engaging in any employment acts, policies, practices, or procedures which discriminate against plaintiff on the basis of her disability;

c) order Defendant EASD to restore Plaintiff Michele Vulcano Hall to the position she would be in had she not been denied reasonable accommodations under the Americans with Disabilities Act;

d) order Defendant EASD to reimburse plaintiff for wages and other employment benefits lost as a result of the discriminatory policies and practices set forth in the paragraphs above, including but not limited to back pay, front pay, lost health benefits, lost pension contributions, lost future earning capacity, and the like, in amounts to be proven at trial;

e) award Plaintiff compensatory damages for emotional distress suffered as a result of Defendant EASD's discriminatory treatment;

f) award Plaintiff Punitive damages in an appropriate amount;

g) award Plaintiff the costs of this action, together with reasonable attorneys' fees, and

h) grant Plaintiff such additional equitable and legal relief as is just and proper.

## COUNT II -- ADA -- Retaliation
## vs. Defendant EASD

21. Paragraphs 11 through 20 are incorporated herein as if fully set forth below.

22. Defendant EASD retaliated against Plaintiff for raising her rights as a disabled person under the state and federal law by at least the following: a) refusing to communicate with her after she submitted her requests for reasonable accommodation under the law; b) placing further roadblocks in the way of her retaining her position; c) posting her job and refusing to consider her in the subsequent hiring process; d) terminating her from her employment, e) refusing to provide Plaintiff any information as to her employment status, even after her repeated requests for the same, so that Plaintiff

did not know when or if she had benefits coverage or was still considered employed; f) interfering with Plaintiff's right to receive unemployment compensation by misrepresenting the facts of her employment to the state Department of Labor and Industry, Office of employment Security and g) subjecting Plaintiff to a generally hostile work environment until terminating her position.

23. The actions of the Defendant EASD as described in the paragraphs above and below were intentional and purposeful discrimination.

24. The actions of the Defendant EASD as described in the paragraphs above and below, violate the Americans with Disabilities Act, as amended.

25. As a consequence of said retaliation, Plaintiff Vulcano Hall Vulcano Hall incurred damages.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Honorable Court:

a) adjudge and decree that Defendant EASD has violated the Americans with Disabilities Act, as amended;

b) grant Plaintiff a permanent injunction prohibiting Defendant EASD from engaging in any employment acts, policies, practices, or procedures which retaliate against plaintiff on the basis of her disability or engaging in protected activity to enforce her rights under the ADA;

c) order Defendant EASD to restore Plaintiff Michele Vulcano Hall to the position she would be in had she not been retaliated against in violation of the Americans with Disabilities Act;

d) order Defendant EASD to reimburse plaintiff for wages and other employment benefits lost as a result of the retaliatory policies and practices set forth in the paragraphs above, including but not limited to back pay, front pay, lost health benefits, lost pension contributions, lost future earning capacity, and the like, in amounts to be proven at trial;

e) award Plaintiff compensatory damages for emotional distress suffered as a result of Defendant EASD's retaliatory treatment;

f) award Plaintiff Punitive damages in an appropriate amount;

g) award Plaintiff the costs of this action, together with reasonable attorneys' fees, and

h) grant Plaintiff such additional equitable and legal relief as is just and proper.

## COUNT III - PHRA - Discrimination and Retaliation
## vs. Defendant EASD

26. Paragraphs 21 through 25 are incorporated herein as if fully set forth below.

27. Plaintiff cross-filed her administrative complaints of disability discrimination and retaliation with the Pennsylvania Human Relations Commission.

28. The acts set forth above constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq., prohibiting discrimination and/or retaliation on the basis of age and disability.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Honorable Court:

a) adjudge and decree that Defendant EASD has violated the Pennsylvania Human Relations Act, as amended;

b) grant Plaintiff a permanent injunction prohibiting Defendant EASD from engaging in any employment acts, policies, practices, or procedures which discriminate or retaliate against plaintiff on the basis of her disability or engaging in protected activity to enforce her rights under the PHRA;

c) order Defendant EASD to restore Plaintiff Michele Vulcano Hall to the position she would be in had she not been discriminated and retaliated against in violation of the PHRA;

d) order Defendant EASD to reimburse plaintiff for wages and other employment benefits lost as a result of the retaliatory policies and practices set forth in the paragraphs above, including but not limited to back pay, front pay, lost health benefits, lost pension contributions, lost future earning capacity, and the like, in amounts to be proven at trial;

e) award Plaintiff compensatory damages for emotional distress suffered as a result of Defendant EASD's retaliatory treatment;

f) award Plaintiff Punitive damages in an appropriate amount;

g) award Plaintiff the costs of this action, together with reasonable attorneys' fees, and

h) grant Plaintiff such additional equitable and legal relief as is just and proper.

COUNT IV -- 42 U.S.C. § 1983 -- FIRST AMENDMENT

vs. Defendants EASD, Susan McGinley and John Castrovinci

29. Paragraphs 26 through 28 are incorporated herein as if fully set forth below.

30. Plaintiff worked in a position, Fifth Grade multi-media teacher, for which her political affiliation was irrelevant.

31. At all times relevant, Plaintiff's father was an active and vociferous member of the School Board of the Defendant EASD.

32. Because of her association with her father, Plaintiff Michele Vulcano Hall was singled out for retaliation, harassment and a hostile work environment in her employment with Defendant EASD, including but not limited to: a) having her contract of employment revoked without any legitimate cause; b) being fired before she could complete the condensed practicum program, despite her ongoing ability and willingness to complete the program; c) being subjected to unreasonable, irrational requirements to maintain her employment, including but not limited to having to secure certification in a few weeks' time when she'd previously been assured she had two to three years to secure same; d) having the Defendant EASD adopt and retroactively enforce against her a policy for termination of all non-certified teachers; e) being excluded from legitimate consideration for the position for which she was initially hired, despite her applying for same and having all the requisite qualifications for the job.

33. Defendants' harassment of Plaintiff was severe and pervasive, encompassing among other things, a) threats to Plaintiff's ability to secure her livelihood despite her excellent performance in accord with the terms of her employment contract; b) unilateral revocation of her employment contract, without rational basis; c) failing and refusing to provide Plaintiff notice as to the actual date of her termination, despite Plaintiff's repeated requests for same, such that she was left to learn of her termination from reading about it in the newspaper; d) no opportunity to be heard on the issue of her termination; e) interference with Plaintiff's effort to secure unemployment compensation by

misrepresenting Plaintiff's employment status to the state agency after she was in fact terminated.

34. Defendants actions were intentional and purposeful, engaged in to chill the legitimate political expression and activities of Plaintiff's father, and were in retaliation for Plaintiff's association and affiliation with her father and his legitimate First Amendment protected activities.

35. Defendants' conduct constitutes a custom or practice of First Amendment retaliation and harassment in violation of the United States Constitution.

36. At all times relevant, Defendants acted under color of state law by, *inter alia*, using the policy making role of the Defendant EASD and the policy making and enforcement authority of Defendant McGinley's and Defendant Castrovinci's respective offices to effectuate their illegal treatment of Plaintiff as further delineated in the paragraphs above and below.

37. At all times relevant, Defendants McGinley and Castrovinci acted personally to orchestrate the actions taken against Plaintiff Michele Vulcano.

38. At all times relevant, Defendants McGinley and Castrovinci, by reason of their high positions in the District and the actual working practices in the District, were final policy makers capable of binding the District with their conduct.

39. At all times relevant, Defendants McGinley and Castrovinci acted against Plaintiff with at least a callous disregard of, or indifference to, Plaintiff's federally protected rights under the First Amendment to the U.S. Constitution.

40. As a result of the customs or practices and intentional acts described above, Plaintiff Michele Vulcano Hall has incurred damages including but not limited to lost wages, lost benefits, lost earning capacity, and emotional distress.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Court:

a) declare that Defendants' conduct constituted a violation of plaintiff's First Amendment rights under the United States Constitution;

b) issue a permanent injunction prohibiting defendants from engaging in any employment

acts, policies, practices or procedures which may violate Plaintiff's First Amendment rights;

c) order Defendants to reimburse Plaintiff for wages and other employment benefits, including retirement benefits, lost as a result of the illegal policies and practices of the Defendants, including but not limited to back pay and front pay with prejudgment interest, lost health benefits, lost pension contributions, and lost future earning capacity, in amounts to be proven at trial;

d) award Plaintiff compensatory damages for emotional distress suffered as a result of Defendants' treatment;

e) award Plaintiff punitive damages in an appropriate amount;

f) award Plaintiff the costs of this action, together with reasonable attorneys' fees; and,

g) grant Plaintiff such additional equitable and legal relief as is just and proper.

COUNT V - 42 U.S.C. §1983 - Fourteenth Amendment - Equal Protection
vs. Defendants EASD, Susan McGinley and John Castrovinci

41. Paragraphs 29 through 40 are incorporated herein as if fully set forth below.

42. Defendants intentionally treated Plaintiff Michele Vulcano Hall differently than other similarly situated individuals on account of, *inter alia*, her association and affiliation with her father, on account of her having a disability under law, and on account of her having requested reasonable accommodations.

43. In addition to the treatment averred above and below, at all times relevant, Defendants selectively enforced their their purported policy of replacing employees who did not have regular certification to perform their job duties against Plaintiff Michele Vulcano.

44. At all times relevant, Defendants McGinley and Castrovinci acted against Plaintiff with at least a callous disregard of, or indifference to, Plaintiff's federally protected rights under the Fourteenth Amendment to the U.S. Constitution.

45. As a result of the customs or practices and intentional acts described above, Plaintiff Michele Vulcano Hall has incurred damages including but not limited to lost wages, lost benefits, lost earning capacity, and emotional distress.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Court:

a) declare that Defendants' conduct constituted a violation of plaintiff's Equal Protection rights under the United States Constitution;

b) issue a permanent injunction prohibiting defendants from engaging in any employment acts, policies, practices or procedures which may violate Plaintiff'sEqual Protection rights;

c) order Defendants to reimburse Plaintiff for wages and other employment benefits, including retirement benefits, lost as a result of the illegal policies and practices of the Defendants, including but not limited to back pay and front pay with prejudgment interest, lost health benefits, lost pension contributions, and lost future earning capacity, in amounts to be proven at trial;

d) award Plaintiff compensatory damages for emotional distress suffered as a result of Defendants' treatment;

e) award Plaintiff punitive damages in an appropriate amount;

f) award Plaintiff the costs of this action, together with reasonable attorneys' fees; and,

g) grant Plaintiff such additional equitable and legal relief as is just and proper.

### COUNT VI - 42 U.S.C. §1983 - Fourteenth Amendment - Due Process
### vs. Defendants EASD, Susan McGinley and John Castrovinci

46. Paragraphs 41 through 45 are incorporated herein as if fully set forth below.

47. Plaintiff Michele Vulcano Hall had a property interest in her contracted employment position with Defendant EASD and a liberty interest in associating with her father without repercussions to her employment.

48. Defendants denied Plaintiff Michele Vulcano Hall any and all procedural due process.

49. At all times relevant, Defendants McGinley and Castrovinci acted against Plaintiff with at least a callous disregard of, or indifference to, Plaintiff's federally protected rights under the Fourteenth Amendment to the U.S. Constitution.

50 . As a result of the customs or practices and intentional acts described above, Plaintiff Michele Vulcano Hall has incurred damages including but not limited to lost wages, lost benefits, lost earning capacity, and emotional distress.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Court:

a) declare that Defendants' conduct constituted a violation of plaintiff's Due Process rights under the United States Constitution;

b) issue a permanent injunction prohibiting defendants from engaging in any employment acts, policies, practices or procedures which may violate Plaintiff's Due Process rights;

c) order Defendants to reimburse Plaintiff for wages and other employment benefits, including retirement benefits, lost as a result of the illegal policies and practices of the Defendants, including but not limited to back pay and front pay with prejudgment interest, lost health benefits, lost pension contributions, and lost future earning capacity, in amounts to be proven at trial;

d) award Plaintiff compensatory damages for emotional distress suffered as a result of Defendants' treatment;

e) award Plaintiff punitive damages in an appropriate amount;

f) award Plaintiff the costs of this action, together with reasonable attorneys' fees; and,

g) grant Plaintiff such additional equitable and legal relief as is just and proper.

## COUNT VII - CONTRACT
### vs. Defendant EASD

51. Paragraphs 46 through 50 are incorporated herein as if fully set forth below.

52. At the time of her hire, Plaintiff Michele Vulcano Hall and Defendant Easton Area School District entered into an oral and written contract for her employment with the Defendant EASD for three years.

53. As delineated in the paragraphs above and below, Defendant EASD did breach that contract.

54. Defendant EASD lacked adequate cause or justification for its breach.

55. As a result of said breach, Plaintiff Michele Vulcano Hall incurred damages including but not limited to lost wages and benefits, additional educational expenses, and the like.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Court award her damages in an appropriate amount for the Defendant EASD's breach of its contract of employment.

## COUNT VIII -- TORTIOUS INTERFERENCE WITH CONTRACT
### vs. Defendants McGinley and Castrovinci

56. Paragraphs 51 through 55 are incorporated herein as if fully set forth below.

57. At all times relevant, Defendants McGinley and Castrovinci were aware of Plaintiff's contract of employment with Defendant EASD.

58. Plaintiff explicitly raised the fact of her employment contract with Defendants McGinley and Castrovinci when they threatened her employment.

59. The Defendants McGinley and Castrovinci intended to harm Plaintiff by interfering with her contract of employment with Defendant EASD.

60. In so acting, Defendants McGinley and Castrovinci had no justification or privilege.

61. As a result of Defendants McGinley's and Castrovinci's conduct, Plaintiff incurred damages including but not limited to lost wages and benefits, additional educational expenses and the like.

WHEREFORE, Plaintiff Michele Vulcano Hall prays that this Court award her damages, including punitive damages, in an appropriate amount for the individual Defendants' interference with the contract of employment between Plaintiff Michele Vulcano Hall and Defendant EASD.

**A Jury Trial is demanded.**

                                            Respectfully submitted,

                                            */s/ Anne P. Felker*
                                            Anne P. Felker, Attorney for
                                            Plaintiff Michele Vulcano Hall
                                            PA 36810
                                            539 Center Street
                                            P.O. Box 190
                                            Bethlehem, PA 18016-0190
                                            Telephone: (610)861-7737
                                            Facsimile:(610)861-9460